IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245045, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-214-MEF |
| | ) [WO] |
| | ) |
| OFFICER MALOY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Carlos Carey ["Carey"], a frequent inmate litigant, presently incarcerated at Kilby Correctional Facility ["Kilby"].  In this complaint, Carey challenges alleged retaliatory actions taken against him by correctional officials during his confinement at Bullock Correctional Facility ["Bullock"].  Specifically, Carey complains that the defendants improperly extended his time in segregation and encouraged other inmates to assault him.  *Complaint - Doc. No. 1* at 3-4.  Carey requests issuance of a preliminary injunction against officials at Bullock preventing them from taking any further action against him as retaliation for filing lawsuits.  *Complaint - Doc. No. 1* at 4.  On April 9, 2014, Carey filed an amendment to his motion for preliminary injunction in which he attacks the veracity of a response and supporting evidentiary materials filed by the defendants in a separate case seeking similar injunctive relief, *Carey v. Jones, et al.*, 2:13-CV-884-TMH-WC (Doc. No. 26), and asserts that the defendants continue to deny him a mattress for all hours of the day.

The court required that the defendants file a response to the motion for preliminary injunction.  *Order of March 27, 2014 - Doc. No. 5*; *Order of April 10, 2014 - Doc. No 13*.  In their

response to this order, the defendants maintain that the instant motion for preliminary injunction is moot as Carey is no longer incarcerated at Bullock.

Upon review of the motion for preliminary injunction and the response filed herein by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Carey demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to

establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). The law likewise directs that "[t]he transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 [] (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury); *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y.1997) ('A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm.')." *Green v. Roberts*, 2008 WL 4767471, *3 (M.D. Ala. 2008).

### III. DISCUSSION

It is undisputed that Carey is no longer incarcerated at Bullock, the institution at the source of his complaint. *See Defendants Exhibit A in Support of Response - Doc. No. 18-1*. All of the claims for relief set forth by Carey relate to purported actions taken against him by correctional officials employed at Bullock and potential action by these officials. Consequently, the present request for preliminary injunctive was rendered moot as a result of Carey's transfer from Bullock to Kilby. *Green v. Roberts*, 2008 WL 4767471, *3 (M.D. Ala. 2008). *Id*. "Further, [Carey] fails to meet the rigid requirements for prospective injunctive relief [as there is no real and immediate threat of injury]." *Id*. Carey has therefore failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 8, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE