IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS CAREY, #245045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 2:14-CV-214-MEF |
| v. | ) | |
| | ) | |
| OFFICER MALOY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Carlos Carey ("Carey"), an indigent state inmate, filed this 42 U.S.C. § 1983 action challenging conditions of the segregation unit at Bullock Correctional Facility ("Bullock"). In the complaint, Carey seeks only declaratory and injunctive relief.  *Doc. No. 1* at 4.  The defendants filed a motion to dismiss in which they argue that this case is due to be dismissed as moot because Carey has been transferred from Bullock and has no contact with the officials against whom he seeks relief.  *Doc. No. 26*.  In addition, based on allegations contained in documents submitted after the filing of the complaint, it does not appear that Carey will be housed at Bullock in the future.

On May 7, 2014, the court entered an order allowing Carey the opportunity to show cause why this case should not be dismissed as moot.  *Doc. No. 23*.  The order cautioned Carey that "if he fails to file a response to this order the undersigned will issue a

Recommendation that this case be dismissed as moot." *Id*. Carey has failed to file a response to this order within the time allowed by the court.

## II.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).  In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Cont'l Bank*

*Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh

Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties
> lack a legally cognizable interest in the outcome of the litigation, such as
> where there is no reasonable expectation that the violation will occur again
> or where interim relief or events have eradicated the effects of the alleged
> violation.

(citations omitted); *see also Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986)

(after an inmate is transferred, there is neither a "reasonable expectation" nor a

"demonstrated probability" that the inmate will return to the prison against which he sought

injunctive relief and therefore claim for injunctive relief is moot).  "This case-or-

controversy requirement subsists through all stages of federal judicial proceedings, trial

and appellate." *Id*.

It is undisputed that Carey is no longer incarcerated at Bullock.  Moreover, the

documents filed herein indicate that he will not in the future be confined at Bullock.

Consequently, any request for injunctive or declaratory relief is subject to dismissal as

moot. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt*, 455 U.S.

478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure

to even illegal conduct does not in and of itself show a pending case or controversy

regarding injunctive relief if unaccompanied by any continuing present injury or real and

immediate threat of repeated injury).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that;

1. The defendants' motion to dismiss be GRANTED.

2. This case be DISMISSED as moot.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 11, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE